**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2897
_____

WILLIAM F. KAETZ,
                    Appellant

v.

EDUCATIONAL CREDIT MANAGEMENT CORPORATION; EXPERIAN;
TRANSUNION; EQUIFAX
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civ. No. 2:16-cv-09225)
District Judge:  Honorable Kevin McNulty
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 5, 2024
Before:  JORDAN, RESTREPO, and FREEMAN, Circuit Judges

(Opinion filed: June 18, 2024)
_____

OPINION[*]
_____

**PER CURIAM**

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

William Kaetz, proceeding pro se, appeals a District Court order denying his motion to set aside the judgment in a bankruptcy-related action and an order denying his motion for reconsideration. For the reasons that follow, we will affirm.

In 2016, Kaetz filed a complaint against Educational Credit Management Corporation ("ECMC"), and three credit reporting agencies, Experian, Equifax, and TransUnion (together, the "CRAs"), arising from actions taken to collect and report his student loan debt. In his second amended complaint, Kaetz averred that he filed a Chapter 7 bankruptcy petition and listed ECMC as a creditor in connection with his student loans. **(DCT Dkt. No. 57 at 2-3)** Kaetz alleged that, after the Bankruptcy Court granted him a discharge of his debt, ECMC used harassing telephone calls and letters to collect the student loan debt. ECMC also allegedly informed the CRAs about his debt and the CRAs published the information on his credit report. **(Id. at 3-4)**

Kaetz claimed that the defendants violated the Fair Debt Collection Practices Act, that the CRAs violated the Fair Credit Reporting Act, and that the defendants were in contempt of the Bankruptcy Court's discharge order. He also challenged, among other things, the constitutionality of 11 U.S.C. § 523(a)(8), which generally excepts student loan debt from a bankruptcy discharge. **(Id. at 6-17)**

The District Court granted the defendants' motions to dismiss the second amended complaint. It rejected Kaetz's constitutional challenges and ruled that many of his claims failed because their premise – that his student loan debt was discharged in his bankruptcy

2

case – was incorrect. The District Court explained that student loan debt is presumptively nondischargeable under § 523(a)(8), and that Kaetz had not filed an adversary proceeding to determine whether his debt could be discharged. It also denied Kaetz's motion for reconsideration. We affirmed on appeal. See C.A. No. 20-2592. **(DCT Dkt. No. 132-1)**

Kaetz then filed a motion to set aside the District Court's judgment pursuant to Federal Rule of Civil Procedure 60(d)(3) based on fraud on the court. He asserted that defendants' counsel committed fraud by relying on dicta in Supreme Court decisions in court filings. He reiterated his claim that § 523(a)(8) is unconstitutional and argued that the statute does not support the District Court's decision. **(DCT Dkt. No. 133-2 ¶¶ 2, 7, 10-11)** The District Court denied relief. It found no fraud and noted that Kaetz had repackaged the arguments it had previously rejected. **(DCT Dkt. No. 143)** The District Court also denied Kaetz's motion for reconsideration, which asserted that the Court and the defendants improperly assumed legislative powers in their interpretation of § 523(a)(8). **(DCT Dkt. No. 144)** This appeal followed.[1]

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's orders for abuse of discretion. See Jackson v. Danberg, 656 F.3d 157, 162 (3d

---

[1] Although Kaetz did not identify the order denying reconsideration in his notice of appeal, **(DCT Dkt. No. 150)** he attached both of the District Court's orders to his brief as the orders on appeal. **(Appellant's Br., Exh. A)** We will review both of these related orders. Kaetz's notice of appeal is timely as to both, and the Appellees are not prejudiced in any way.

3

Cir. 2011) (Rule 60(d) motion); Gibson v. State Farm Mut. Auto. Ins. Co., 994 F.3d 182, 186 (3d Cir. 2021) (reconsideration). We exercise plenary review over questions of law. See Gibson, 994 F.3d at 186; In re Bressman, 874 F.3d 142, 148 (3d Cir. 2017).

A court may vacate a judgment where there has been fraud on the court. See Fed. R. Civ. P. 60(d)(3); Bressman, 874 F.3d at 149. As the District Court recognized, the fraud must be intentional, committed by an officer of the court, and directed at the court itself. Bressman, 874 F.3d at 150. Fraud on the court requires "egregious misconduct" and "clear, unequivocal and convincing evidence," and must have actually deceived the court. Id. (internal quotations and citations omitted).

Kaetz argues on appeal that the reliance on dicta in case law and other materials in interpreting § 523(a)(8) constituted fraud on the court and caused the District Court to assume legislative powers as to what the statute should say. He reasserts that § 523(a)(8) is unconstitutionally vague. We agree with the District Court that Kaetz did not establish fraud on the court based on the legal arguments advanced by counsel. He did not establish that counsel deceived the court or engaged in egregious misconduct. And Kaetz's disagreement with the District Court's and this Court's earlier decisions does not provide a basis for relief under Rule 60(d)(3).[2]

---

[2] Because Rule 60(d)(3) provides a remedy for fraud on the court, it is unnecessary to address any separate legal arguments by Kaetz related to the dismissal of his complaint or the Appellees' contention that such arguments are barred by res judicata.

Accordingly, we will affirm the orders of the District Court.[3]

---

[3] Kaetz's motion to file supplemental information, motion to supplement his reply brief, and corrected motion for judicial notice are granted to the extent he seeks to supplement his arguments on appeal. The motions are otherwise denied. Kaetz's motion to withdraw his motion for judicial notice is granted. We take no action to the extent Kaetz's motions pertain to other appeals. Appellees' motion to bar or restrain Kaetz from further filings in this appeal without leave of court is denied. To the extent Appellees seek relief in C.A. No. 23-1880, their motion is denied without prejudice to re-filing in that appeal.